UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH ENG,

                    Plaintiff,

        -against-                                         14-CV-2365 (LAP)

CITY OF NEW YORK; CORRECTION                              ORDER OF DISMISSAL
OFFICERS JOHN DOE #1-#11;
CORRECTION OFFICERS JOHN DOE #1-
#5; C.O. WALKER; EMPLOYEE JANE
DOE,

                    Defendants.

LORETTA A. PRESKA, Chief United States District Judge:

By order dated May 27, 2014, the Court directed Plaintiff, who appears *pro se*, is proceeding *in forma pauperis*, and is not incarcerated, to submit an amended complaint within sixty days.  In that order, Plaintiff's claims were construed as brought under 42 U.S.C. § 1983 and under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d.  The Court directed Plaintiff to allege in his amended complaint any facts showing that his § 1983 and Title VI claims were timely and if not, why such claims should otherwise proceed.  In addition, to the extent that Plaintiff wished to raise § 1983 and/or Title VI claims against the City of New York, the Court directed Plaintiff to name the City of New York as a defendant in his amended complaint.  As to his possible § 1983 claims against the City of New York, Plaintiff was directed to allege any facts demonstrating how an official policy or custom of the City of New York violated his federally protected rights.  On June 17, 2014, Plaintiff filed an amended complaint.

Plaintiff's amended complaint is comprised of allegations of race and national origin discrimination, physical assaults, and other offensive acts against Plaintiff by members of the New York City Department of Correction ("DOC") and prisoners while Plaintiff was in DOC

custody.  Plaintiff seeks monetary damages and requests that the offending DOC members be disciplined or fired.  The Court dismisses this action for the reasons set forth below.[1]

## STANDARD OF REVIEW

The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time and must dismiss the complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff lists, in his amended complaint, repeated alleged incidents in which DOC correction officers spoke to him, while he was in DOC custody, using slurs that refer to Plaintiff's race (Asian) and national origin (Chinese).  Plaintiff also alleges that he was given spoiled milk, threatened, physically assaulted, and was ridiculed by DOC correction officers.  In

---

[1]  On June 27, 2014, Plaintiff submitted a letter to the Court requesting that his mailing address be redacted from the Court's docket as to all of his actions brought in this Court and from the submissions he has filed in those actions.  The reason he gives for this request is that "someone has posted [his] address on the internet after having acquired a copy of a few of [his] lawsuits."  As to Plaintiff's request to redact his address from the docket of this action and from the submissions filed in it, his request is denied.  This action is a matter of public record.  Rule 11(a) of the Federal Rules of Civil Procedure requires that all submissions filed in a federal civil action include an unrepresented party's mailing address.  *See* Fed. R. Civ. P. 11(a).  Plaintiff has not established good cause for departure from the general rule that court filings are accessible to the public.  *See* Fed. R. Civ. P. 5.2(e) (requiring good cause for redaction of information not protected by Fed. R. Civ. P. 5.2); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978) (discussing the common-law right of access to court documents).

addition, Plaintiff alleges that DOC correction officers failed to intervene when other prisoners attacked and injured him. Plaintiff alleges that the earliest of these incidents occurred on May 14, 2007, and that the latest of these incidents occurred on February 7, 2010.

## DISCUSSION

### A.    Timeliness

Plaintiff's § 1983 and Title VI claims are untimely and Plaintiff has failed to adequately allege any facts demonstrating why his claims should otherwise be allowed to proceed. The Court refers to its discussion in its May 27, 2014 order as to the applicable three-year limitations period for Plaintiff's § 1983 and Title VI claims and when those types of claims accrue. *Eng v. N.Y. City Corr. Dep't*, No. 14-CV-2365 (LAP), at 2-3 (S.D.N.Y. May 27, 2014). Plaintiff's claims accrued when he knew or had reason to know of the harm – when the alleged incidents occurred. As discussed above, the latest of the alleged incidents occurred on February 7, 2010. Plaintiff did not file his original complaint in this Court until March 27, 2014 – four years, one month, and twenty-one days after the expiration of the limitations period as to the latest alleged incident. Plaintiff's claims are therefore untimely.

Plaintiff states that "[t]he reason [that he] bring[s] this [action] now despite the amount of time that has passed is because [he has] been on probation from 2007 to February 2014. [His] attorney advised [him] to wait." Plaintiff asks this Court to "expand" the applicable limitations period. The Court construes Plaintiff's request as one for equitable tolling of the applicable limitations period due to the misinformation Plaintiff received from his attorney.

State law governs the tolling of the limitations period as to § 1983 and Title VI claims. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Singh v. Wells*, 445 F. App'x 373, 377 (2d Cir. 2011) (summary order) (discussing, *inter alia*, equitable tolling of Title VI claim and quoting *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 223 (2d Cir. 2003)); *Carter v. Unv. of C.T.*, 264

3

F. App'x 111, 112 (2d Cir. 2008) (summary order) (state tolling rules apply as to Title VI claim); *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) ("[S]tate tolling rules determine whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983.") (citation omitted))).

"Under New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Abbas*, 480 F.3d at 642 (citation omitted); *see also Best v. Bell*, No. 13-CV-0163, 2014 WL 1316773, at *8 (S.D.N.Y. Mar. 28, 2014) ("Equitable tolling is a federal doctrine; the most similar doctrine under New York law is equitable estoppel."). In addition, "'[d]ue diligence on the part of the plaintiff in bringing [an] action[]' . . . is an essential element of equitable relief." *Abbas*, 480 F.3d at 642 (second alteration in original, citation omitted). But New York courts have not made equitable relief from a statute of limitations period applicable in instances of misinformation given by an attorney. *See Clowes v. Pulver*, 258 A.D. 2d 50, 55 (3d Dep't 1999); *Giordano v. Coll. of Staten Island*, 32 Misc. 3d 1221(A) (N.Y. Sup. Ct., Richmond Cnty. 2011) (table decision): *Parsons v. Dep't of Trans. of the State of N.Y.*, 74 Misc. 2d 828, 832 (N.Y. Sup. Ct., Suffolk Cnty.); *cf. Carter*, 264 F. App'x at 112 (holding that equitable tolling is not applicable to Title VI claim despite attorney misconduct but stating that the plaintiff "is not, however, left without any remedy for his former attorney's misconduct. [The plaintiff] remains free to pursue a malpractice claim against the attorney, through which he could presumably seek damages arising from the loss of his ability to prosecute his Title VI claim."); *Keyse v. Cal. Tex. Oil Corp.*, 590 F.2d 45, 47 (2d Cir. 1978) (declining to apply equitable tolling in employment discrimination

action in which the plaintiff alleged that attorney misinformation lead to the filing of an untimely employment discrimination charge).

To the extent that Plaintiff asserts that he was misinformed by his attorney as to when he could timely file his action, that is not an adequate reason to justify equitable tolling of the limitations period as to Plaintiff's § 1983 and Title VI claims.  Plaintiff's § 1983 and Title VI claims are therefore dismissed for failure to state a claim on which relief may be granted because they are untimely.  *See* 28 U.S.C. § 1915(e)(2)(ii); *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

**B.      Section 1983 claims against the City of New York**

In addition, Plaintiff's § 1983 claims against the City of New York must be dismissed because Plaintiff has failed to allege, as directed by the Court's May 27, 2014 order, a municipal policy or custom that violated his federally protected rights.  *See Eng*, No. 14-CV-2365 (LAP), at 3-4.  Thus, Plaintiff's § 1983 claims against the City of New York are alternatively dismissed for failure to state a claim on which relief may be granted.  *See* § 1915(e)(2)(B)(ii).

CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.  This action is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

5

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

Dated:  August 8, 2014
       New York, New York

                                             LORETTA A. PRESKA
                                   Chief United States District Judge